UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
at CHATTANOOGA

| | | |
|---|---|---|
| TIMOTHY J. WESTFALL, | ) | |
| | ) | |
| *Plaintiff*, | ) | |
| | ) | |
| v. | ) | Case No. 1:07-cv-143 |
| | ) | |
| MICHAEL J. ASTRUE, Commissioner of Social Security, | ) | Judge Mattice |
| | ) | |
| *Defendant.* | ) | |

**MEMORANDUM AND ORDER**

Plaintiff brings this action pursuant to 42 U.S.C. §§ 405(g) and 1383(c)(3), and seeks judicial review of the final decision of the Defendant denying the Plaintiff a period of disability and disability insurance benefits under Title II of the Social Security Act, 42 U.S.C. §§ 416, 423. The Court referred this matter to Magistrate Judge Susan K. Lee pursuant to 28 U.S.C. § 636(b) and Rule 72(b) of the Federal Rules of Civil Procedure. Magistrate Judge Lee issued her Report and Recommendation ("R&R") [Court Doc. 17] regarding the disposition of Plaintiff's Motion for Judgment on the Pleadings (Court Doc. 8) and Defendant's Motion for Summary Judgment (Court Doc. 12). Plaintiff timely objected to Magistrate Judge Lee's R&R.

## I. STANDARD OF REVIEW

When timely objections are filed to an R&R, the Court must conduct a de novo review of those portions of the R&R to which an objection is made. 28 U.S.C. § 636(b)(1)(C). "[F]ailure to object to a *specific* issue within the magistrate's report results in a waiver of an appeal on that individual issue."

*Frontier Ins. Co. v. Blaty*, 454 F.3d 590, 596 (6th Cir. 2006) (citing *Smith v. Detroit Fed'n of Teachers, Local 231,* 829 F.2d 1370, 1373 (6th Cir. 1987). After considering the objections, the Court may then accept, reject, or modify, in whole or in part, the Magistrate Judge's findings or recommendations. *Id*.

## II. FACTS

The relevant facts are outlined in Magistrate Judge Lee's R&R. (Court Doc. No. 159 at 1-3.) Neither party has objected to the R&R's statement of facts or to any of Magistrate Judge Lee's factual findings. Therefore, the Court **ACCEPTS AND ADOPTS** by reference Magistrate Judge Lee's statements of the procedural and factual background contained in the R&R. (Court Doc. No. 17 at 2.)

## III. ANALYSIS

Plaintiff raises two objections to Magistrate Judge Lee's R&R. First, Plaintiff argues that Magistrate Judge Lee erred in upholding the Administrative Law Judge's ("ALJ's") finding that Plaintiff was not eligible for disability insurance benefits pursuant to Title II of the Social Security Act, 42 U.S.C. §§ 416, 423. Second, Plaintiff contends that Magistrate Judge Lee erred by declining to remand his case to the ALJ for consideration of additional evidence pursuant to Sentence Six of 42 U.S.C. § 405(g). The Court will address each of Plaintiff's objections in turn.

### A. Plaintiff's Eligibility for Benefits

The Court must review the ALJ's decision on Plaintiff's eligibility for benefits to determine whether it is supported by substantial evidence. *See Kirk*

*v. Sec'y of Health & Human Servs.,* 667 F.2d 524, 535 (6th Cir.1981) ("At the outset it should be noted that the ALJ's findings are not to be overturned unless there is no substantial evidence supporting such conclusions."). If substantial evidence supports the ALJ's decision, then that decision is conclusive. *See Floyd v. Finch,* 441 F.2d 73, 75 (6th Cir.1971).

In the instant case, in determining Plaintiff's eligibility for benefits, the ALJ favored non-treating physician testimony over that of Plaintiff's treating physicians. "Although the treating physician's opinion is normally entitled to substantial deference, the [ALJ] is not bound by that opinion." *Malone v. Comm'r of Social Sec*., 69 F.3d 537, 1995 WL 641280, at *3 (6th Cir. 1995). "Ultimately, of course, the determination of disability is the prerogative of the Secretary, not the treating physician." *Harris v. Heckler*, 756 F.2d 431, 435 (6th Cir. 1985). If the ALJ does not give controlling weight to a treating physician's opinion, he must "give good reasons" for reaching a different conclusion. 20 C.F.R. § 404.1527(d)(2) In outlining these "good reasons," the ALJ should consider the factors set forth in 20 C.F.R. § 404.1527(d)(2), "namely, the length of the treatment relationship and the frequency of examination, the nature and extent of the treatment relationship, supportability of the opinion, consistency of the opinion with the record as a whole, and the specialization of the treating source[.]" *Wilson v. Comm'r of Soc. Sec.,* 378 F.3d 541, 544 (6th Cir. 2004).

In determining whether Plaintiff was entitled to benefits, the ALJ considered the opinions of both treating and non-treating physicians. The ALJ found these opinions to be contrary to each other; the treating physicians opined

that Plaintiff could perform little or no work, while the non-treating physicians opined that Plaintiff was not so limited. The ALJ resolved this conflict in favor of the non-treating physicians' testimony, and cited several reasons for his decision. Foremost, the ALJ focused on the short length of time and infrequency with which the treating physicians gave care to and examined Plaintiff. Second, the ALJ cited one of the treating physician's determinations that Plaintiff's subjective complaints of pain were exaggerated, and found that such a determination was inconsistent with that treating physician's conclusion as to Plaintiff's ability to work. Finally, the ALJ considered the specialized nature of the non-treating physicians—one a board-certified internist and the other a vocational expert—and accorded their testimony more weight. All of these considerations comport with factors set forth in 20 C.F.R. § 404.1527(d)(2).

Accordingly, the Court finds that the ALJ gave sufficient "good reasons" to decline to give controlling weight to Plaintiff's treating physicians. *See Wilson,* 378 F.3d at 544. What remains at issue is the weight the ALJ afforded to "opposing medical opinions, which is clearly not a basis for setting aside the ALJ's factual findings." *Mullins v. Sec. of Health and Human Servs*., 836 F.2d 980, 984 (6th Cir. 1987). As Magistrate Judge Lee's R&R arrived at this precise conclusion, the Court will **OVERRULE** Plaintiff's objection to the R&R as to the ALJ's finding of eligibility for benefits.

**B. Remand**

Plaintiff also objects to the portion of Magistrate Judge Lee's R&R which recommends that Plaintiff's request to remand the instant case to the ALJ for

consideration of additional evidence be denied. Plaintiff seeks remand based on two pieces of evidence. The first is a sworn explanation of one of Plaintiff's treating physician's prior opinions. It elaborates on the physician's conclusion that Plaintiff was incapable of performing certain work-related tasks, based in part on Plaintiff's subjective complaints of pain, and in part on a conclusion that Plaintiff's medication would interfere with his ability to concentrate on his work. The second piece of evidence is an updated treatment record from Plaintiff's pain management specialist, which details Plaintiff's pain treatment regimen.

Sentence six of 42 U.S.C. § 405(g) provides that "[t]he court . . . may at any time order additional evidence to be taken before the Secretary, but only upon a showing that there is new evidence which is material and that there is good cause for the failure to incorporate such evidence into the record in a prior proceeding . . . ." 42 U.S.C. § 405(g). "It is well established that the party seeking remand bears the burden of showing that a remand is proper . . . ." *Oliver v. Sec'y of Health & Human Servs*., 804 F.2d 964, 966 (6th Cir. 1986).

Plaintiff takes issue only with Magistrate Judge Lee's finding that the new evidence on which Plaintiff bases his request for remand is not material. In order for a claimant to satisfy his burden of proof as to materiality, he must demonstrate that there was a reasonable probability that the Secretary would have reached a different disposition of the disability claim if presented with the new evidence. *Sizemore v. Sec'y of Health and Human Servs*, 865 F.2d 709, 711 (6th Cir. 1988).

Based on the applicable precedent within the Sixth Circuit, and after a de novo review, it is clear that Magistrate Judge Lee's conclusion as to remand is correct; the ALJ would probably not change his determination after hearing the new evidence. First, any evidence regarding Plaintiff's post-hearing condition or treatment cannot serve as a basis for remand. *See id.* at 712 ("Reviewing courts have declined to remand disability claims for reevaluation in light of medical evidence of a deteriorated condition. . . . If in fact the claimant's condition had seriously degenerated, the appropriate remedy would have been to initiate a new claim for benefits as of the date that the condition aggravated to the point of constituting a disabling impairment.").

Further, much of Plaintiff's treating physician's elaboration of her previous findings is a restatement of her pre-hearing opinion, which cannot serve as a basis for remand. *See Young v. Sec'y of Health & Human Servs*., 925 F.2d 146, 149 (6th Cir.1990) (holding that cumulative evidence is not material evidence); *Bailey v. Comm'r of Soc. Sec*., No. 98-3061, 1999 WL 96920, at *5 (6th Cir. Feb.2, 1999) (holding that remand is inappropriate when remand would facilitate only the presentation of cumulative evidence). Finally, a portion of both pieces of new evidence is based on Plaintiff's subjective quantification of his own level of pain. The ALJ noted one treating physician's observation that Plaintiff was exaggerating his perceived pain, and would not likely change his determination based on such evidence. Accordingly, the Court concludes that Magistrate Judge Lee correctly found that Plaintiff failed to carry his burden to show that the

new evidence was material. The Court will **OVERRULE** Plaintiff's objection to the R&R as to remand.

## IV. CONCLUSION

For the reasons set forth above, the Court **OVERRULES** Plaintiff's Objection to the Magistrate's Report and Recommendation [Court Doc. 18]. The Court **ACCEPTS** and **ADOPTS** Magistrate Judge Lee's Report and Recommendation [Court Doc. 17]. Defendant's Motion for Summary Judgment is **GRANTED**, and the decision of the Commissioner of Social Security denying benefits to Plaintiff is **AFFIRMED**.

SO ORDERED this 26th day of September, 2008.

*/s/ Harry S. Mattice, Jr.*
HARRY S. MATTICE, JR.
UNITED STATES DISTRICT JUDGE